UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID XENIAS, on behalf of
himself and those similarly situated,

      Plaintiff,

v.

                                      CASE NO.: 6:11-cv-170-Orl-19KRS

AMERICAN COACH LINES, INC., a Foreign
Profit Corporation, AMERICAN COACH
LINES OF ORLANDO, INC., a Florida
Profit Corporation, AMERICAN COACH
LINES OF MIAMI, INC., a Foreign Profit
Corporation, and AMERICAN COACH
LINES OF JACKSONVILLE, INC., a Florida
Profit Corporation,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID XENIAS ("XENIAS" or "Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, AMERICAN COACH LINES, INC ("ACL"), a Foreign Profit Corporation, AMERICAN COACH LINES OF ORLANDO, INC ("ACLO"), a Florida Profit Corporation, AMERICAN COACH LINES OF MIAMI, INC ("ACLM"), a Foreign Profit Corporation and AMERICAN COACH LINES OF JACKSONVILLE, INC ("ACLJ"), a Florida Profit Corporation (collectively referred to as "Defendants") and states as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain

declaratory relief, and reasonable attorney's fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.     At all times material hereto, Plaintiff was and continues to be a resident of Seminole County, Florida.

5.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

7.     At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

8.     Defendants were and continue to be "employers" within the meaning of FLSA.

9.     At all times material hereto, ACL was, and continues to be a Foreign Profit Corporation. Further, at all times material hereto, ACL was, and continues to be engaged in business in Florida, with its principal place of business in Orange County, Florida.

10.    At all times material hereto, ACLO was, and continues to be a Foreign Profit Corporation. Further, at all times material hereto, ACLO was, and continues to be engaged in business in Florida, with its principal place of business in Orange County, Florida.

11.    At all times material hereto, ACLM was, and continues to be a Foreign Profit Corporation. Further, at all times material hereto, ACLM was, and continues to be engaged in

business in Florida, with its principal place of business in Miami-Dade County, Florida.

12.    At all times material hereto, ACLJ was, and continues to be a Foreign Profit Corporation.  Further, at all times material hereto, ACLJ was, and continues to be engaged in business in Florida, with its principal place of business in Duval County, Florida.

13.    At all times material hereto, ACL was, and continues to be an "enterprise engaged in commerce," within the meaning of FLSA.

14.    At all times material hereto, ACLO was, and continues to be an "enterprise engaged in commerce," within the meaning of FLSA.

15.    At all times material hereto, ACLM was, and continues to be an "enterprise engaged in commerce," within the meaning of FLSA.

16.    At all times material hereto, ACLJ was, and continues to be an "enterprise engaged in commerce," within the meaning of FLSA.

17.    At all times material hereto, ACL was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

18.    At all times material hereto, ACLO, was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

19.    At all times material hereto, ACLM was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

20.    At all times material hereto, ACLJ was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

21.    Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

22.    At all times material hereto, Defendants had two (2) or more employees handling,

selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

23.     At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

24.     At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

25.     The additional persons who may become plaintiffs in this action are/were non-exempt salary paid "dispatcher" employees for Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

26.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

27.     On or about February 2008, Defendants hired Plaintiff to work as a non-exempt salary paid "dispatcher."

28.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

29.     From at least February 2008, and continuing through September 15, 2010, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

30.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as

4

required by the FLSA.

31.    Defendants have violated Title 29 U.S.C. §207 from February 2008 through September15, 2010, in that:

       a.    Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

       b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

       c.    Defendants failed to maintain proper time records as mandated by the FLSA.

32.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

33.    Plaintiff re-alleges and reavers paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

34.    From February 2008 and continuing through September 15, 2010, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

35.    Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

36.    At all times material hereto, Defendants failed and continue to fail to maintain

proper time records as mandated by the FLSA.

37.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

38.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

41.    At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

42.    Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

43.    Plaintiff demands a trial by jury.

6

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.    Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Awarding Plaintiff pre-judgment interest;

    f.    Issue of an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated non-exempt salary paid "dispatchers" employed by Defendants within the past 3 years; and

    g.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: January 28, 2011

Respectfully submitted,

ANDREW FRISCH, ESQ.
Florida Bar No. 27777
MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, Florida 33314
Telephone: (954) 318-0268
Facsimile:  (954) 333-3515
E-mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiff